*Note: Decisions of a three-justice panel are not to be considered as precedent before any tribunal.*

## ENTRY ORDER

SUPREME COURT DOCKET NO. 2011-214

DECEMBER TERM, 2011

| | | |
|---|---|---|
| Randi May Steeves | } | APPEALED FROM: |
| | } | |
| | } | Superior Court, Essex Unit, |
| v. | } | Civil Division |
| | } | |
| | } | |
| Helen T. Venheim | } | DOCKET NO. 64-11-10 Excv |

Trial Judge: Robert P. Gerety, Jr.

In the above-entitled cause, the Clerk will enter:

Appellant Randi May Steeves appeals the superior court's decision to dismiss, as untimely filed, her appeal from a probate order allowing a will. We affirm in part and remand to the superior court.

On August 9, 2010, following notice and a hearing, the probate court issued an order allowing a will executed by appellant's father. On September 8, 2010, within the thirty-day appeal period, the court received a letter from appellant explaining that it was important to keep the court "abreast of our situation." The letter acknowledged that none of the fifteen heirs had opposed the will, noting that they had only requested personal effects promised to them. The letter stated that the executor had refused to allow appellant to remove the promised personal effects based on false accusations that she had stolen items from her father before his death. Appellant further stated in the letter that she and her siblings were suspicious that their father's will had been changed favorably to the executor during the period that their father, in a weakened mental state, came to believe that some of his children were stealing from him. The letter stated that this "new evidence substantiates [that] our father lack[ed] testamentary capacity when he wrote the Will in June 2003." The letter asked the probate court judge to "look into the matter further" and expressed faith that the court would have the "wisdom, insight and discernment of what is and isn't the truth."

The following day, the probate court clerk sent appellant a letter asking her whether she was "requesting the Court to take legal action or [] just keeping the court abreast of the situation." On October 4, 2010, the probate court received another letter from appellant substantially similar in content to the September 8 letter, but "formally requesting" that the judge "look into this matter further, and take legal action as appropriate." Six days later, the probate court clerk sent another letter to appellant, this time asking if "this [is] to be considered an

appeal" and, if so, directing her to send a formal request and the appropriate deposit. On November 8, 2010, the probate court received a third letter from appellant, this time stating that she and her siblings were "formally requesting an appeal of the Order dated August 9, 2010 allowing the Will of our father." The probate court clerk passed the appeal onto the civil division of the superior court. On December 9, 2010, appellee, the executor, filed a motion to dismiss the appeal as untimely filed. Following a hearing at which appellant did not appear, the superior court made findings and granted appellee's motion. The court acknowledged that the September 8 letter was timely filed within the thirty-day appeal period, but stated that the letter could be construed only as a request for the probate court to reconsider its ruling, not as a notice of appeal to the superior court.

On appeal, appellant argues that her second letter was a legitimate notice of appeal because it requested legal action and must be considered timely filed because it merely clarified the timely filed first letter, as requested by the probate court clerk. She argues that the probate court failed to consider the intervening letters from the court clerk, which demonstrate that her second letter must be considered as filed at the same time as the first letter. We find these arguments unavailing. "The timely filing of a notice of appeal is jurisdictional." In re Shantee Point, Inc., 174 Vt. 248, 259 (2002) (citing V.R.A.P. 3(b)(1)). We recognize that "[c]ourts liberally construe the requirements of Rule 3," id., and thus a notice of appeal will not be dismissed on jurisdictional grounds merely because the appellant failed to meet all of the procedural requirements in the rule, see V.R.A.P. 3(b)(1) (stating that failure of appellant to take any step other than timely filing of notice of appeal "does not affect validity of appeal"); see also V.R.A.P. 3(d) ("An appeal will not be dismissed for informality of form or title of the notice of appeal, or for failure to name a party whose intent to appeal is otherwise clear from the notice."). Nonetheless, for there to be "compliance with the requirement to file a notice of appeal," the appellant must file "in a timely fashion a document that specifically indicates an intent to appeal and gives sufficient notice of that intent." Shantee Point, 174 Vt. at 259 (emphasis added).

Here, neither of appellant's first two letters evinced any intent to appeal the probate court's ruling to another court. Indeed, as the superior court stated, those letters sought, at most, the probate court's reconsideration of its August 9 order. In her first letter, appellant specifically asked the probate court to "look into this matter further" and expressed her faith that the probate court would discern the truth. Even after being prompted by the probate court clerk to clarify what her first letter meant, appellant filed a second letter reiterating only that she wanted the probate court to look into the matter further and take "legal action as appropriate." Neither letter even suggests that appellant intended to appeal the probate court's ruling to the superior court. Appellant first expressed such an intent—and only at the probate court's prompting—in the third letter filed on November 8, approximately thirty days past the jurisdictional deadline. Therefore, the superior court did not err in dismissing the appeal as untimely filed.

Nevertheless, the superior court did find that appellant's September 8 letter constituted a request for reconsideration. Pursuant to V.R.P.P. 60(c) the letter was untimely if construed as a motion to alter or amend judgment. However, as a request for relief from judgment pursuant to V.R.P.P. 60(b), the letter was timely filed. We express no opinion as to whether appellant's letter satisfies the standard for a V.R.P.P. 60(b) motion, and remand to the superior court with instructions to remand to the probate court for consideration of the September 8 letter as a 60(b) motion.

Affirmed in part and remanded to the superior court with instructions consistent with this order.

BY THE COURT:

_____
Paul L. Reiber, Chief Justice

_____
Brian L. Burgess, Associate Justice

_____
Beth Robinson, Associate Justice